IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLIFTON SHIPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-18-WKW |
| | ) | |
| JO ANNE B. BARNHART | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401, alleging that he was unable to work because of a disability.

His application was denied at the initial administrative level.  The plaintiff then requested

and received a hearing before an Administrative Law Judge (ALJ).  Following the hearing,

the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for

review.  The ALJ's decision consequently became the final decision of the Commissioner of

Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).

 Based on its review of the record and the briefs of the parties, the court concludes that the

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to
Social Security matters were transferred to the Commissioner of Social Security.

decision of the Commissioner should be affirmed.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months...

To make this determination[2] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the *Listing of
> Impairments*]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case
(SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are
appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir.

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ISSUES

#### A. Introduction

The plaintiff was forty-eight years old at the time of the hearing before the ALJ and has a high school education.  The plaintiff's prior work experience includes manual and structural metal work for a trailer repair company.  Following the administrative hearing, the

---

1981) (Unit A).

3

ALJ concluded that the plaintiff had one "severe" impairment, osteoarthritis, but concluded that the plaintiff was not disabled because he could perform his past relevant work.

### B. Plaintiff's Claims

The plaintiff presents three issues for review: (1) whether the ALJ improperly failed to recontact an examining physician, (2) whether the ALJ improperly found that the plaintiff could perform medium work, and (3) whether a subsequent decision that the plaintiff was disabled mandates a remand to reexamine the date of onset.

## IV. DISCUSSION

### A. Recontact of the Consultative Examiner

The plaintiff underwent a consultative examination by Dr. Willis Crawford on February 10, 2003 (Tr. 137-143). Dr. Crawford noted that the plaintiff could tandem walk, heel-toe walk, get onto the exam table without difficulty, and walk without an assistive device, and that he did not have "any particularly affected extremity" (Tr. 139, 231-32). His range of motion data were largely normal (Tr. 141) and Dr. Crawford noted "mild osteoarthritic changes" in X-rays of the plaintiff's spine (Tr. 142). The ALJ relied on this report in finding that the plaintiff was not disabled (Tr. 15-17).

On the fourth page of his report, Dr. Crawford wrote, "This man does not have the usual work related abilities such as sitting, standing, walking, lifting, carrying and handling objects" (Tr. 140). At the hearing (Tr. 231), the ALJ commented on this finding: "It's very

interesting that he – that Dr. Crawford is reported, page 4, says the man does not have the usual work-related abilities such as sitting, standing, walking, et cetera. He means to say, and I'm sure he does have the usual...” The plaintiff argues that the ALJ erred because he did not recontact Dr. Crawford to obtain clarification. However, the context of Dr. Crawford's statement convinces the court that the ALJ was correct. It is not reasonable to imagine that Dr. Crawford said that a plaintiff who could tandem walk, heel-toe walk, and walk without an assistive device had completely lost the ability to walk; or that the other results of his examination were those of a man who could neither sit nor stand nor handle objects. Dr. Crawford was obviously attempting to say that the plaintiff had no significant *limitations* in these abilities, and the ALJ correctly interpreted and relied upon his finding. No recontact was necessary. The decision of the ALJ is not due to be reversed on this ground.

**B. Medium Work Finding**

The ALJ stated that the plaintiff retained the residual functional capacity to perform “work activities in the medium exertional level” (Tr. 16-19), and under 20 C.F.R. § 404.1520(f) used this finding to determine that the plaintiff could perform his past relevant work. The plaintiff argues that this finding was unsupported by any medical opinion and was therefore erroneous. However, as noted above, a fair reading of Dr. Crawford's opinion shows that Dr. Crawford did, in fact, offer a medical opinion concerning the plaintiff's ability to perform basic work activities. At the hearing, the ALJ used Dr. Crawford's

findings in his hypothetical question to a vocational expert, who opined that the plaintiff could perform his past relevant work (Tr. 231-32).  Furthermore, the ALJ considered the plaintiff's lack of medical treatment, the fact that the alleged date of onset coincided with the plaintiff's being fired due to change of workplace ownership rather than any medical event, the lack of objective medical evidence to support a finding of disabling pain, and the plaintiff's activities of daily living (Tr. 16-19), all of which support the ALJ's ultimate finding that the plaintiff could perform his past relevant work.  Independent review of the record supports these findings (Tr. 71, 88-89, 91-92, and *passim*).  Under the five-step evaluation process of 20 C.F.R. § 1520, any error in finding that he could perform a broader range of medium work was therefore harmless.  The decision of the ALJ is not due to be reversed on this ground.

### C. Subsequent Disability Finding

In denying review, the Appeals Council noted that the plaintiff had subsequently been found disabled, with a period of disability beginning the day after the hearing in this case (Tr. 4).  The plaintiff argues that the court should therefore remand the case for a redetermination of the date of onset.  However, the subsequent proceeding in which the plaintiff was found disabled is not under review here.  Under 42 U.S.C. § 405(h), the decision of the Commissioner in the later proceeding is now binding on all parties, and

cannot be revisited by this court in this proceeding.[4]  The decision of the ALJ is not due to be reversed on this ground.

## V. CONCLUSION

The court has carefully and independently reviewed the record and concluded that the decision of the Commissioner is based on substantial evidence.  Based on this review and the foregoing analysis, it is the RECOMMENDATION of the Magistrate Judge that the decision of the Commissioner be AFFIRMED.  The parties are

DIRECTED to file any objections to this recommendation on or before **January 18, 2007**.  Any objections filed must specifically identify the findings in the Recommendation of the Magistrate Judge that are the subject of the objections.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[4] The date set in the subsequent hearing apparently resulted from the Commissioner's application of "administrative res judicata," which follows from the Commissioner's interpretation of 42 U.S.C. § 405(h) and provides that, in a subsequent determination, any period that was adjudicated in a previous hearing is not subject to reconsideration.  *See* S.S.R. 94-2(4); 97-4(9); 98-3(6) (on subsequent application, Administration considers the issue of disability for the unadjudicated period *de novo*, but does not reconsider the same issues for the adjudicated period); 20 C.F.R. § 404.957(c)(1) (ALJ can dismiss claim when it covers the same facts and issues as an earlier decision that has become final).

error or manifest injustice.  *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 4th day of January, 2007.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE